**Dianne C. Kerns, #011557**
Mailing Address:
31 North 6th Avenue #105-152
Tucson, AZ 85701
TELEPHONE 520.544.9094
FACSIMILE 520.989.6269
MAIL@DCKTRUSTEE.COM

Dianne Crandell Kerns, Chapter 13 Trustee

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>JESSI CLAIRE ERICKSON,<br><br>Debtor. | CHAPTER 13 PROCEEDINGS<br><br>Case No. 4:24-bk-06703-SHG<br><br>**TRUSTEE'S PLAN OBJECTION/EVALUATION WITH NOTICE OF POTENTIAL DISMISSAL IF CONDITIONS ARE NOT SATISFIED**<br><br>**RE: ORIGINAL PLAN (DKT #23)** |

DIANNE CRANDELL KERNS, Trustee, has analyzed the above-referenced plan and supporting documents on November 14, 2024, and submits the following evaluation and recommendations:

**General Requirements:**

a. Due to the possibility of errors on the claims docket, it is the Attorney's responsibility to review all proofs of claim filed with the Court and resolve any discrepancies between the claims and the Plan prior to submitting any proposed Stipulated Order Confirming Plan to Trustee. Trustee will not recommend confirmation, nor stipulate to confirmation, until the proof of claims issues are resolved to Trustee's satisfaction.

b. Requests by Trustee for documents and information are not superseded by the filing of an amended or modified plan. LRBP Rule 2084-10(b).

c. Trustee objects to any reduction in the Plan duration or payout in a proposed Stipulated Order Confirming Plan unless an amended or modified plan is filed (using Local Form 2084-4, Chapter 13 Plan) and noticed out.

d. Trustee requires that any proposed Order Confirming Plan state: "The Plan and this Order shall not constitute an informal proof of claim for any creditor."

e. Trustee requires that any Stipulated Order Confirming Plan state: "Debtor is instructed to remit all payments on or before the stated due date each month. Debtor is advised that when payments are remitted late, additional interest may accrue on secured debts, which may result in a funding shortfall at the end of the Plan term. Any funding shortfall must be cured before a discharge can be entered. This requirement is effective regardless of plan payment suspensions, waivers or moratoriums, and must be included in any Stipulated Order Confirming."

f. At the time of confirmation, Debtor is required to certify, via language in the Stipulated Order confirming, that they are current on all payments that have come due on any Domestic Support Orders since the filing of their case and that they are current on all required tax return filings [pursuant to 11 U.S.C. Sec 1325(a)(8), (9)].

g. Debtor or Debtor's Attorney is required to provide copies of Debtor's federal and state income tax returns for each year for the duration of the Plan to Trustee. Tax returns must be forwarded **within 14 days after the returns have been filed**. All Personally Identifiable Information must be redacted prior to submission. **Tax returns should be uploaded securely via bkdocs.us. Tax returns should not be mailed or emailed directly by the debtor.** This requirement is to be included in the Stipulated Order Confirming the plan. Failure to submit tax returns may result in the dismissal of the Chapter 13 case.

h. If Debtors are in default (in any amount) on their first mortgage the plan must propose mortgage conduit payments. If the plan does not propose a mortgage conduit, Trustee objects to confirmation. This may be resolved by amending the plan or seeking an order from the court excusing compliance with the conduit requirement. L.R.B.P. Rule 2084-4(b).

**Specific Requirements:**

1. **Note to Pro-Se Debtor.** Debtor who is proceeding without the assistance of an Attorney should take note that Trustee's office cannot give legal advice. Trustee's office cannot negotiate with your Creditors, draft your legal pleadings, or otherwise take action to make sure that your plan is confirmed. It is your responsibility to make all necessary changes to your plan of reorganization and, if you wish to have your plan confirmed, submit to Trustee an order confirming your plan. Failure to do so will result in the dismissal of your case.

2. Tax Refunds. If Debtor receives a tax refund in excess of $1,000 during the pendency of this case, said refund must be turned over to Trustee. The proposed stipulated order on confirmation needs to specifically provide that such refund is a SUPPLEMENTAL payment under the plan.

3. The Order Confirming Plan Must Contain the Following Language Related to Treatment of General Unsecured Claims: "General Unsecured Claims. Such claims shall be paid pro rata the balance of payments under the Plan and any unsecured debt balance remaining unpaid at the end of the Plan may be discharged as provided in 11 U.S.C. § 1328(a)."

4. **Filed Proofs of Claim. To date Trustee has noted that the following Creditors have filed proofs of claim that differ from the treatment proposed in the Chapter 13 Plan. Trustee objects to the treatment of these proofs of claim. This objection may be resolved by: (1) amending the secured/priority treatment to match the proofs of claim in the Stipulated Order Confirming the Plan; (2) securing the creditor's signature on the SOC; or (3) filing a response to the objection, setting a hearing and obtaining an order: LENDMARK and LOANMAX. This objection extends to proofs of claim, if any, filed after the date of this evaluation/objection which seek treatment different from that provided for in the proposed Chapter 13 Plan.**

5. **Lendmark Proof of Claim 9. Trustee objects to confirmation because Creditor has filed a secured proof of claim in the amount of $2,985.00 for Debtor's 2005 Nissan Armada and Debtor's plan provides to pay $5,173.00 plus 5% interest and $0.00 a month in adequate protection payments. This objection may be resolved by matching the proof of claim balance.**

6. **Lendmark Proof of Claim 9. Trustee objects to confirmation because the plan fails to provide monthly adequate protection payments to Creditor secured by depreciating personal property. This objection may be resolved by providing for such payments relating back to month one of the plan.**

7. **LoanMax Proof of Claim 15.** Trustee objects to confirmation because Creditor has filed a secured proof of claim in the amount of $1,619.80 for Debtor's 2013 Nissan Armada and Debtor's plan provides to pay $2,304.00 plus 5% interest and $0.00 a month in adequate protection payments. This objection may be resolved by matching the proof of claim balance.

8. **LoanMax Proof of Claim 15.** Trustee objects to confirmation because the plan fails to provide monthly adequate protection payments to Creditor secured by depreciating personal property. This objection may be resolved by providing for such payments relating back to month one of the plan.

9. **Unfiled Proofs of Claim.** To date the following creditors listed in the Plan have not filed proofs of claims: FLEX SHOPPER and AZDOR. Trustee reserves the right to supplement or amend this paragraph.

10. **Flex Shopper.** Trustee objects to confirmation as Debtor's Schedule D lists a debt with Flex Shopper in the amounts of $1,567.08, $433.29 and $43.79 which Debtor's plan does not address. This objection may be resolved by Debtor's Attorney addressing Debtor's intentions regarding Creditor and debt owed to Creditor.

11. **Master Mailing List Missing Creditor AZDOR.** Trustee objects to confirmation as Debtor has failed to a list Creditor on Debtor's master mailing list Creditor AZDOR. This objection may be resolved by Debtor's Attorney filing an amended master mailing list to add the missing Creditor AZDOR.

12. **Plan Payments.** Debtor has made payments in the total amount of $0.00. Debtor is delinquent in the amount of $480.00, representing 1 month through November 14, 2024. Trustee will not stipulate to confirmation unless the plan payments are current. Plan payment information may be obtained by logging on to www.ndc.org. In general, the information on this website is 24-hours old.

13. **Plan Payment Start Date.** Trustee objects to confirmation as Debtor's plan states the plan payments will start October 15, 2024; however, Debtor filed Bankruptcy on August 14, 2024, therefore the plan payments start date has been set to start on September 14, 2024, pursuant to 11 U.S.C. Sec. 1326(a)(1). This objection may be resolved by amending the plan to state the payment start date.

14. **Plan Analysis Does Not Match Plan Base.** Trustee objects to confirmation as Debtor's plan payments total $8,640.00 and Trustee's plan analysis provides payments totaling $240.00. Trustee will not approve the plan unless the total of the proposed plan payments and the funding in the plan analysis match. This objection may be resolved by modifying the plan so that these amounts match.

15. **100% Plan due to Form 122C-1**.  Trustee objects to confirmation of the plan because the plan is not a 100% plan. Debtor is a Below Median Income Debtor and the Form 122C-1 calculation of current monthly income of $4,342.46 minus Schedule J expenses of $3,043.00 provides a monthly disposable income of $1,299.46. Projecting the disposable income over the applicable commitment period of 36 months indicates that $46,780.56 must be made available for payment to general unsecured creditors. The plan does not provide to pay 100% of general unsecured claims and Trustee objects pursuant to 11 U.S.C. §1325(b). To date, the total amount due to unsecured creditors is $31,603.47 and Debtor's plan currently funds $2,943.58. The last day for claims to be filed is October 23, 2024 (general claims) and February 10, 2025 (government claims). This objection may be resolved by paying 100% of all claims. The Trustee advises counsel that it is possible that this situation might be capable of resolution by amending Schedule J to include secured payments being paid through the plan. In below median cases, projected disposable income is calculated by using Form 122C-1 for the income and Schedule J for expenses. The difference between the two is the projected disposable income that must be paid to general unsecured Creditors.

16. **Chapter 7 Liquidation**. Trustee objects to confirmation because the chapter 7 liquidation value of the estate has been underreported. Based on the proofs of claim and schedules filed to date, Trustee calculates the chapter 7 liquidation of the estate to be $5,419.34:

    *Best Interest of Creditors Test:*

    | | |
    |---|---|
    | Value of Debtor's interest in nonexempt property | $7,019.38 |
    | Plus: Value of property recoverable under avoiding powers | |
    | Less: Estimated Chapter 7 administrative expenses | $1,600.04 |
    | Less: Amount to unsecured priority creditors | $0.00 |
    | Less: 6% Realtor Fee to Sell Real Estate | $0.00 |
    | Equals: Estimated amount payable to unsecured non-priority claims if Debtor filed Chapter 7Paragraph (2) to be completed by debtors whose current monthly income exceeds the state's median income. | $5,419.34 |

    This objection may be resolved by providing an updated Plan Summary with the correct liquidation analysis attached to the Stipulated order Confirming or providing Trustee with detailed accounting of liquidation value proposed.

17. **Tax Refunds.** Trustee objects to confirmation because the plan does not include the language requiring turnover of the tax refund, as described in paragraph 1 above.

18. <u>Documents Requested by Trustee</u>.  Any requested documentation must be uploaded via bkdocs.us <u>within 30 days</u>.  Counsel is encouraged to summarize such documentation and explain why it satisfies the concerns raised herein**.**

19. **<u>Credit Counseling Certificate</u>. Trustee objects to confirmation because Debtor has not filed a Credit Counseling Certificate with the Bankruptcy Court that shows completion during the 180-day period ending on the date of the filing of the petition.** *See* **11 U.S.C. Sec. 109(h)(1)*.*   This objection may be resolved by Debtor filing their Credit Counseling Certificate with the Bankruptcy Court which shows the required date.**

20. **<u>Authorization to Release</u>.  Trustee objects to confirmation because Debtor has not completed and submitted to the Trustee the Authorization to Release information to Trustee regarding claims (local form 2084-4B). This form can be found on Trustee's website: [www.dcktrustee.com](www.dcktrustee.com). The Trustee acknowledges that this is typically only required for mortgage claims, however, all creditors require it to communicate with Trustee. This objection may be resolved by uploading the completed authorization to release information to Trustee via <u>bkdocs.us.</u>**

21. **<u>Bankruptcy Questionnaire</u>.  Trustee objects to the confirmation because Debtor has not completed a Bankruptcy Questionnaire. The Bankruptcy Questionnaire form can be found on Trustee's website: [www.dcktrustee.com](www.dcktrustee.com). This objection may be resolved by submitting a completed Bankruptcy Questionnaire by Debtor through the <u>bkdocs.us.</u>**

22. **<u>Tax Returns</u>.  Trustee objects to confirmation as the following documents must be provided <u>within 30 days</u>: a copy of Debtor's state 2022-2023 tax returns. Such documents Debtor shall provide via Debtor to <u>bkdocs.us</u> with a cover letter outlining and describing the documents.  This objection may be resolved by submitting Debtor's state 2022-2023 tax returns via <u>bkdocs.us</u>. Nothing in this document alters Debtor's obligations under applicable law and Trustee expressly reserves the right to seek other remedies**

23. **<u>Liquidation Analysis</u>:  At this time Trustee believes that the plan does not satisfy the liquidation analysis requirements (per Trustee's objection 16 listed above). Trustee reserves the right to amend this conclusion.**

    **According to the Plan Summary the liquidation amount required to be paid to unsecured creditors is blank.  The plan currently provides pays a dividend of $2,943.58.**

24. **<u>Projected Disposable Income</u>:  At this time Trustee believes that the plan does not satisfy the projected disposable income requirement of Sec 1325(b).  Trustee reserves the right to amend this conclusion.**

**According to the Plan Summary the liquidation amount required to be paid to unsecured creditors is blank. The plan currently provides pays a dividend of $2,943.58.**

25. <u>Plan Funding</u>. **Pursuant to Trustee's calculations, the Chapter 13 Plan is not adequately funded at this time because it does not comply with 11 U.S.C.§1325(b)(1)(B). Comparing the Form 122C-1 CMI $4,342.46 and Debtor's reasonable expenses as shown in Schedule J $3,043.00, the disposable income of $1,299.46, multiplied by 36 months, results in a required dividend to unsecured creditors of $46,780.56 in order to comply with 11 U.S.C. Sec 1325. Pursuant to Trustee's calculations, the dividend to unsecured creditors under the current plan is $2,943.58. However, Trustee reserves the right to file an amended evaluation requiring adjustments to the terms of the plan, including an increase in plan funding, if necessary, in order to address all timely filed proofs of claim once the claims bar date has passed in this case.**

26. <u>Objections to Confirmation</u>. Pursuant to Local Rule 2084-10, Debtor shall resolve plan objections by submitting a proposed SOC to the Trustee or by filing an objection and setting a hearing on the objection **within 30 days of this objection/evaluation. If Debtor wishes to confirm by stipulation, all objecting creditors must either (1) withdraw their objection; or (2) sign off on the SOC prior to it being submitted to Trustee**. If the resolution of the objection requires changes which have a materially adverse impact on any other creditor under the plan (including a reduction in the amount to any creditor and/or a delay in payment), the plan must be amended/modified so as to provide notice to interested parties and an opportunity for objection provided. To date Trustee has noted that the following creditors have filed objections to the Chapter 13 Plan: **NONE**.

27. <u>Submission of Proposed SOC</u>. If Debtors propose to confirm the plan through a stipulated order on confirmation, a Notice of Submitting Proposed SOC should be filed with the Court, including a complete copy of the Proposed SOC as an exhibit. Counsel should also submit a cover letter checklist that goes through every paragraph of this evaluation/objection and details how the issue has been resolved.

    The Notice, SOC, Cover Letter Checklist, and filing receipt may then be uploaded via bkdocs.us. Trustee will not review a proposed SOC if it does not appear on the court's docket. [1] Trustee considers the time for reviewing a proposed Order pursuant to LRBP Rule 2084-13(e), to begin running when all Recommendation conditions are met.

---

[1] **The alternative to stipulated confirmation is setting a contested confirmation hearing before the judge**.

RESPECTFULLY SUBMITTED this 21st day of November, 2024.

OFFICE OF THE CHAPTER 13 TRUSTEE
31 North 6th Avenue #105-152
Tucson, AZ 85701

By /s/ DCK #011557
Dianne C. Kerns, Chapter 13 Trustee

A copy of the foregoing was filed with the court and a copy was transmitted via electronic or first class mail this 11/21/2024 to:

JESSI CLAIRE ERICKSON
3435 E 5th ST
TUCSON, AZ 85716
Email: jerickson79@yahoo.com
Pro-Se Debtor

By: AVR